CARLTON, J.,
dissenting:
¶ 35. I respectfully dissent, and would vacate and remand the decision of the Mississippi Department of Health. See Miss.Code Ann. § 41 — 7—201(f) (Supp.2014). My review of the record and applicable case law reflects that the decision of the State Department of Health is not supported by substantial evidence.[6] The case law and the record herein reflect that the statutory requirements applicable to establishing a new hospital apply in this case, and not the less stringent requirements applicable to hospital relocations. However, the evidence fails to show that the Department of Health considered whether sufficient need existed to support building *1225 a new hospital in Biloxi. See Miss.Code Ann. § 41-7-193 (Rev. 2013). See St. Dominic-Jackson Mem’l Hosp. v. Miss. State Dep’t of Health, 87 So.3d 1040, 1042 (¶ 1) (Miss.2012) (finding project constituted establishing a new hospital and not a relocation and that no need had been shown to support the capital investment required for a new hospital); St. Dominic-Madison Cnty. Med. Ctr. v. Madison County Med. Ctr., 928 So.2d 822, 830 (¶ 32) (Miss.2006).[7]
¶ 36. In St. Dominic-Jackson Mem’l Hosp., 87 So.3d at 1050 (¶ 42), the Mississippi Supreme Court recently found that an attempt by St. Dominic Hospital to relocate seventy-one existing beds from Jackson to a new satellite campus in Madison constituted the establishment of a new hospital, and not a relocation of the beds to an existing licensed facility. Similarly, in the instant case, the relieensed beds are not being relocated to an existing facility, but, rather, are being used to establish the bed capacity at a new hospital facility without a determination of need.for the capital investment of a new hospital in that area or of any unnecessary duplication of services. Therefore, in this case, in accordance with precedent, the decision of the Department of Health lacks sufficient basis and should be vacated and remanded, since no evidence shows consideration of need for a new hospital.[8]
¶ 37. The supreme court has provided that when reviewing the State Department of Health’s issuance of a CON to a hospital, the reviewing court must consider the substance of the proposal, rather than simply its label. See Miss.Code Ann. § 41-7-201(f); Singing River Hosp. Sys. v. Biloxi Reg’l Med. Ctr., 928 So.2d 810, 812 (¶ 8) (Miss.2006). Despite its label, a review of the record shows that this case fails to show a mere reopening of a hospital that ceased to operate for less than sixty months, as is allowed by Mississippi Code Annotated section 41-7-191(l)(a) (Rev. 2013), and the evidence fails to support any finding that this project constitutes the relocation of an existing facility involving no capital expenditures, as allowed by section 41-7—191(b). Section 41-7-191(c) permits voluntary delicensed beds to be relicensed by a health-care facility to increase the number of its licensed beds. However, in this case, the relicensed beds, are not being added to any existing licensed beds at any existing licensed medical facility. This statutory authorization to relicense beds contemplates on its face the addition of the relicensed beds to an existing licensed medical facility.[9] The statutory power to relicense beds in order to increase the number of licensed beds provides no authorization for the capital investment, construction, and establishment of a new health-care facility in a new location. See Miss.Code Ann. § 41-7-191(l)(c).
¶ 38. In the case relied upon by the majority, Queen City Nursing Center, Inc. v. Mississippi State Department of *1226 Health, 80 So.3d 73, 75-76 (¶2) (Miss.2011), the opinion shows that beds from a closed facility were added to a “then-existing” licensed facility in Lauderdale County and that the then-existing facility was relocated within that same county, with additional bed capacity. The opinion reflects that there was evidence of an existing need in Lauderdale County for the existing licensed facility and the expansion of beds to that existing licensed facility. Id. at 80 (¶ 14). The opinion also reflects that economies of scale were realized by combining the beds of the closed facility with the existing facility. Id. at 82 (¶ 22).
¶ 39. In this case, in contrast to Queen City Nursing Center, HMA has no existing “licensed” health-care facility in Biloxi to which it seeks to add the relicensed beds from the closed hospital. Rather, HMA seeks to build a new hospital in Biloxi with bed capacity from the closed hospital. The relicensed beds herein are not increasing the number of existing licensed beds at an existing licensed medical facility, as authorized by section 41-7-191(c). Instead, HMA’s project requires a large capital investment to build a new hospital facility to provide additional hospital services in that area, to be built at a new location in Biloxi with relicensed beds from a closed hospital, without a determination of whether need exists to support such.
¶ 40. The CON criterion seeks to improve the health of Mississippi residents; to increase accessibility, acceptability, and continuity of care and quality of care; to prevent unnecessary duplication; and to provide cost containment. Unnecessary duplication of capital investment and medical services could result in excessive costs to the state and to patients.[10] The beds from the closed hospital herein are not being added to an existing licensed hospital, and no evidence shows that the establishment of a new hospital could contain costs, could prevent unnecessary duplication of services, or could be economically viable.[11] In the Queen City Nursing Center opinion, as acknowledged, the record showed an existing licensed nursing home in Lauderdale County was meeting an existing and increasing need in that area. By contrast, in this case, the record contains no evidence of consideration of the CON criterion or of need, economic viability, or cost containment analysis for the large capital investment of a new hospital in Biloxi.[12] Based on upon the foregoing, I respectfully dissent, since the record contains no evidence that the Department of Health evaluated the applicable criterion for the building of a new hospital. Since the decision and order of the Department of Health lacks applicable evidentiary support, I would vacate and remand the order to the Department of Health for further proceedings consistent with this dissent, and with instructions for the Department of Health to evaluate need and applicable criteria for establishing a new hospital in *1227 Biloxi. See Miss.Code Ann. § 41 — 7—201(f); see also Miss.Code Ann. § 41-7-191(l)(c).

. A reviewing court may vacate a final order of the State Health Department regarding the issuance of a certificate of need (CON) if it finds that the final order is not supported by substantial evidence, or is contrary to the manifest weight of the evidence. Singing River Hosp. Sys. v. Biloxi Reg’l Medical Center, 928 So.2d 810, 811-12 (114) (Miss.2006); Miss.Code Ann. § 41-7-201(f). When reviewing the Department of Health’s issuance of a CON to a hospital, the appellate court must consider the substance of the proposal rather than its label. Singing River Hosp. Sys., 928 So.2d at 812 (¶ 8).

. See also St. Dominic-Jackson Memorial Hospital v. Miss. State Dep’t of Health, 728 So.2d 81, 85 (¶ 13) (Miss.1998) (finding that a medical center’s proposed relocation of sixty-four beds to a new satellite campus actually constituted the establishment of a new hospi- ' tal and not merely a relocation, and thus required a showing of need for a new hospital in that location).

. See St. Dominic-Jackson Mem’l Hosp., 728 So.2d at 91-92 (¶¶ 39-42) (distinguishing between relocation and establishment of a new facility) (citing Ex parte Shelby Medical Center, Inc., 564 So.2d 63 (Ala.1990) (providing that a determination of need for a new hospital is required to determine if sufficient need exists to support the capital expenditure required to establish a new hospital and to comply with the state’s health plan)).

.See Miss.Code Ann. § 41-7-191(c) (reli-censed beds may increase number of licensed beds).

. See Miss. State Dep’t of Health v. Mid-S. Assocs., 25 So.3d 358, 364 (¶ 21) (Miss.Ct. App.2009); see also Miss.Code Ann. § 41-7-193 (certificate of need for new institutional health service).

. This case differs from CLC of Biloxi LLC v. Miss. Dep’t of Health, 91 So.3d 633, 638-39 (¶ 17) (Miss.2012), wherein a nursing home was destroyed by a hurricane. The supreme court found that the destroyed nursing home needed no new CON to rebuild since substantial evidence in the record supported the finding of need for the nursing home services in the area of the proposed location.

. St. Dominic-Madison Cnty. Med. Ctr., 928 So.2d at 830 (¶ 32) (An application for a CON filed by hospital that had a licensed capacity of 571 beds and wanted to relocate 100 beds sought a new hospital, and not a relocation, and, thus, in light of hospital’s admitted inability to meet the standards of need for a new hospital, there was no need to remand case for further review by the Department of Health.).